IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


| | | |
|---|---|---|
| KARL J. ROGERS, | ) | Case No. 3:18CR00026-001 |
| Petitioner. | ) | |
| | ) | JUDGE JAMES G. CARR |
| vs. | ) | |
| | ) | |
| | ) | AMENDED MOTION UNDER |
| UNITED STATES of AMERICA, | ) | 28 U.S.C § 2255 TO VACATE, |
| | ) | SET ASIDE OR CORRECT SENTENCE |
| Respondent. | ) | |

Now comes defendant/petitioner Karl Rogers by and through his counsel, Attorney Merle R. Dech Jr. and respectfully amends his request that this Court grant him relief under 18 U.S.C. § 2255. (See Doc. 85, Pro Se Motion 2255). Mr. Rogers moves this court to vacate his conviction under 18 U.S.C. § 2252 (a) (2) and set his case for a new trial and/or resentencing due to the ineffectiveness of prior counsel. A memorandum in support follows.
.

I.  **STATEMENT OF THE CASE**

On December 14, 2017 a criminal complaint was filed against the defendant Karl Rogers , hereinafter defendant, charging him with receipt and distribution of child Pornography in violation of 18 U.S.C. § 2252 (a) (2). On December 21, 2017, defendant waived preliminary hearing , the Court made a finding of probable cause and the matter was bound over to the Grand jury for further proceedings. (R. 6)On the same date, defendant was released on an appearance bond of $10,000.00 secured. (R. 7). Defendant was arraigned on

January 26, 2018. The matter proceeded to trial on March 5th and 6th 2019. On March 6, 2019 the jury returned a finding of guilty as to the sole count of the indictment. (See R. 39). On October 8, 2019 defendant was sentenced to 96 months imprisonment, supervised release for life, JVTA assessment of $5,000.00 and restitution on the amount of $80,000.00. On September 1, 2019 defendant filed a motion to vacate the conviction and or other relief pursuant to 18 USC 2255 (See R. 85). The government filed a response on December 31, 2020. (See R. 94). And defendant filed a reply on January 19, 2021. (See, R. 95).

## STATEMENT OF THE LAW

The pertinent sections in 18 USC § 2255 provide

**2255. Federal custody; remedies on motion attacking sentence**

**(a)** A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

**(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

**(1)** the date on which the judgment of conviction becomes final;

18 U.S.C. § 2255 (west 2021).

    In the present case, the filing of the motion is timely.

In, the present case18 U.S.C. § 2255 is the appropriate motion to adjudicate defendant's claims

    "As an initial matter, we note that "[i]neffective assistance claims are more properly

raised in a post-conviction proceeding brought pursuant to 28 U.S.C. § 2255, where the record regarding counsel's performance can be developed in more detail," than they are on direct appeal. United States v. Lopez–Medina, 461 F.3d 724, 737 (6th Cir.2006). "This Court typically will not review a claim of ineffective assistance on direct appeal except in rare cases where the error is apparent from the existing record."

United States v. Johnson, 765 F.3d 644, 647 (6th Cir. 2016).

In the present case defendant alleges that trial counsel was ineffective in at least two different areas. The trial court found that there was at least one and possibly two areas that trial counsel was deficient. The two areas are trial counsel's failure to file a direct appeal and counsels incorrect interpretation of the statute and jury instructions which would appear to have caused the defendant to waive his fifth amendment right and testify.

1. STANDARD OF REVIEW

"To obtain relief under § 2255 on the grounds of ineffective assistance of counsel, Arredondo must establish (1) that his lawyer's performance was deficient as compared to an objective standard of reasonable performance and (2) that there is a reasonable probability that the lawyer's errors prejudiced the outcome of the proceedings against him. See Strickland v. Washington, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome"; it is a less demanding standard than "more likely than not." Id. at 693–94, 104 S.Ct. 2052. We review ineffective-assistance claims de novo. See Watkins v. Kassulke, 90 F.3d 138, 143 (6th Cir.1996)."

Arredondo v. United States,  178 F.3d 778, 782  (6th Cir. 1999)

B. FAILURE  TO FILE DIRECT APPEAL

 "The Sixth Amendment guarantees criminal defendants "the right ... to have the Assistance of Counsel for [their] defence." The right to counsel includes " 'the right to the effective assistance of counsel.' " *744 Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). Under Strickland, a defendant who claims ineffective assistance of counsel must prove (1) "that counsel's representation fell below an objective standard of reasonableness," 466 U.S. at

687–688, 104 S.Ct. 2052, and (2) that any such deficiency was "prejudicial to the defense," *id., at* 692, 104 S.Ct. 2052.

345678"In certain Sixth Amendment contexts," however, "prejudice is presumed." *Ibid.* For example, no showing of prejudice is necessary "if the accused is denied counsel at a critical stage of his trial," United States v. Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), or left "entirely without the assistance of counsel on appeal," Penson v. Ohio, 488 U.S. 75, 88, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). Similarly, prejudice is presumed "if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." Cronic, 466 U.S. at 659, 104 S.Ct. 2039. And, most relevant here, prejudice is presumed "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken." Flores-Ortega, 528 U.S. at 484, 120 S.Ct. 1029. We hold today that this final presumption applies even when the defendant has signed an appeal waiver."

Garza v. Idaho, 139 S.Ct. 738, 743, 744 (2019)

The Supreme Court further held:

"  It is also important to consider what it means—and does not mean—for trial counsel to file a notice of appeal.
"Filing such a notice is a purely ministerial task that imposes no great burden on counsel." Flores-Ortega, 528 U.S. at 474, 120 S.Ct. 1029. It typically takes place during a compressed window: 42 days in Idaho, for example, and just 14 days in federal court. See Idaho Rule App. Proc. 14(a) (2017); Fed. Rule App. Proc. 4(b)(1)(A). By the time this window has closed, the defendant likely will not yet have important documents from the trial court, such as transcripts of key proceedings, see, *e.g.,* Idaho Rules App. Proc. 19 and 25; Fed. Rule App. Proc. 10(b), and may well be in custody, making communication with counsel difficult, see Peguero v. United States, 526 U.S. 23, 26, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999). And because some defendants receive new counsel for their appeals, the lawyer responsible for deciding which appellate claims to raise may not yet even be involved in the case.
Filing requirements reflect that claims are, accordingly, likely to be ill defined or unknown at this stage. In the federal system, for example, a notice of appeal need only identify who is appealing; what "judgment, order, or part thereof" is being appealed; and "the court to which the appeal is taken." Fed. Rule App. Proc. 3(c)(1). Generally speaking, state requirements are similarly nonsubstantive.[7]
*746 1415A notice of appeal also fits within a broader division of labor between defendants and their attorneys. While "the accused has the ultimate authority" to decide whether to "take an appeal," the choice of what specific arguments to make within that appeal belongs to appellate counsel. Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); see also McCoy v. Louisiana, 584 U. S. ——, ——, 138 S.Ct. 1500, 1507–08, 200 L.Ed.2d 821 (2018). In other words, filing a notice of appeal is, generally speaking, a simple, nonsubstantive act that is within the defendant's prerogative

"We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a

4

notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." 528 U.S. at 477, 120 S.Ct. 1029 (citations omitted); see also *id., at 478, 120 S.Ct. 1029*.

Garza, at 745, 746 .

In the present case, the defendant is prejudiced by the failure to file a direct appeal in this case.

"With regard to prejudice, *Flores-Ortega* held that, to succeed in an ineffective-assistance claim in this context, a defendant need make only one showing: "that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." 528 U.S. at 484, 120 S.Ct. 1029. So long as a defendant can show that "counsel's constitutionally deficient performance deprive[d him] of an appeal that he otherwise would have taken," courts are to "presum[e] prejudice with no further showing from the defendant of the merits of his underlying claims." *Ibid.* Because there is no dispute here that Garza wished to appeal, see *supra,* at ——, a direct application of *Flores-Ortega*'s language resolves this case. See 528 U.S. at 484, 120 S.Ct. 1029.

Garza, at 747.

In the present case it is clear that a direct appeal was not filed in this case. Counsel in his affidavit states that he does not recall if he discussed an appeal . defendant through his filings has stated that he wished to appeal. The Supreme Court in Garza clearly that states that counsel is deficient when it did not file an appeal. The Garza case makes defendant's argument stronger as in Garza there was an appeal waiver in the plea agreement. In the present case, defendant exercised his constitutional right to trial.

The proper remedy in this ,matter as it relates to this issue is to grant defendant the opportunity to appeal his conviction.

"If Solis is correct in his claim that he requested his lawyer to appeal, counsel may have been ineffective for failing to file the appeal. We therefore hold that when a defendant is convicted of a crime and alleges that his lawyer failed to appeal the conviction, and there is a potential factual dispute on this issue, the defendant is entitled to a hearing before the District Court to prove that he made the request and that the lawyer failed to honor it. However, a defendant would not be entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently frivolous. See 28 U.S.C. § 2255; *United States v. Laetividal-Gonzalez,* 939 F.2d 1455, 1465 (11th Cir.1991) (quoting *Holmes v. United States,* 876 F.2d 1545, 1553 (11th Cir.1989)), *cert. denied,* 503 U.S. 912, 112 S.Ct. 1280, 117 L.Ed.2d 505 (1992), *and overruled on other grounds, United States v. Giltner, 972 F.2d 1559, 1562 (11th Cir.1992).* If on remand the District Court determines that Solis's counsel was ineffective, then Solis must be

5

given the opportunity *nunc pro tunc* to brief his direct appeal in full. Part of that brief may include his claim that he would not have entered a plea bargain knowing that the safety valve for the mandatory minimum was blocked. We need not reach the merits of Solis's direct appeal at this juncture, as he was not obligated to raise his direct appeal issues in his § 2255 petition. *See McHale v. United States, 175 F.3d 115, 119 (2d Cir.1999)* ("petitioner need not demonstrate that, but for the ineffectiveness of counsel, such an appeal would have succeeded or even would have had merit.") Nor must we determine whether Solis's counsel was ineffective for any other reason. Our holding is limited to the issue of Solis's entitlement to a direct appeal."

Solis v. United States, 252 F.3d 289, 295 (3rd Cir. 2001).

In the present case, defendant asks this court to allow defendant leave to file a direct appeal to United States Court of Appeals for the Sixth Circuit.

3. TRIAL COUNSEL WAS INEFFECTIVE AT THE TRIAL STAGE

In the present case, defendant was afforded ineffective counsel at the pre-trial and trial Stage. It appears from the transcript of trial and the accompanying 18 § 2255 motion that the elements of the charge were mistakenly interpreted by counsel which led to a misunderstanding of the elements needed for conviction by the defendant. Defendant was charged and ultimately convicted of 18 § U.S.C. 2252 (a) (2) which provides in pertinent part:

**§ 2252. Certain activities relating to material involving the sexual exploitation of minors**

**(a)** Any person who--
**(1)** knowingly transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mails, any visual depiction, if--
**(A)** the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
**(B)** such visual depiction is of such conduct;
**(2)** knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if--
**(A)** the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
**(B)** such visual depiction is of such conduct;

6

18 U.S.C. 2252 (a) (2) (West 2021)

The indictment in this matter reads:

<u>Count 1</u>
(Receipt and Distribution of Child Pornography, 18 U.S.C. 2252 (a)(2))

The Grand Jury Charges:

From on or about October 7, 2017 to on or about December 13, 2017, in the Northern District of Ohio, Western Division, and elsewhere, defendant, Karl rogers, did knowingly receive and distribute numerous visual depictions using any means or facility of interstate commerce, the production of such visual depictions involved the use of minors engaged in sexually explicit conduct, and such visual depictions were of such conduct, in violation of Title 18 United States Code, Section 2252(a)(2).

See Exhibit "A".  (R. 9 ).

In the present case, it would appear that there was a wrong understanding shared by defense counsel and the defendant that the government had to prove both receipt and distribution at trial.

Following the conclusion of the government presenting their case, counsel for the government stated:

MS. TANGEMAN: Just wanted to note two things, just wanted to note two things. The defense has the opportunity to make a Rule 29 motion, and also a –if they would like to do their opening now.

THE COURT: yeah, that's right.

MR. WINEMAN:  Yeah, I'd.

THE COURT: Did you want to file—for the record file a Rule 29 motion?

MR. WINEMAN: Yeah, Rule 29 Motion.

THE COURT: That will be denied for the record.

7

Trial Tr. at 5,6. Page ID 2329,2330.

Following the close of the defense case, defense counsel renewed his Rule 29 motion.

MR. WINEMAN: Your honor, we would like to renew our Rule 29 motion. We believe that there is insufficient evidence to go forward on any indication, either in the case of the state in chief, and certainly considering the testimony of the defendant was given to demonstrate that he distributed child pornography on anyone.

THE COURT: Ms. Tangeman, I think that's quite clear.

MS. TANGEMAN: Correct, your honor. We would respond that the law does not require both, and it's made clear in the jury instructions. The government is proceeding on receipt of child pornography in the case.

THE COURT: And if that's not clear in the instructions, why don't you just –I can –I can have that segment deleted.

Trial Trans. Vol. 2, Page ID2367, 2369.

"To succeed on an ineffective assistance claim, a petitioner must establish that his counsel's performance was "deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A petitioner must also establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. Although "[t]he decision to plead guilty—first, last, and always—rests with the defendant, not his lawyer," we have nonetheless maintained that "the attorney has a clear obligation to fully inform her client of the available options." *Smith v. United States,* 348 F.3d 545, 552 (6th Cir.2003). "A criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available." *Id.* at 553. Neither party disputes that counsel's performance was deficient in the instant case. The sole issue is whether Jones was prejudiced by counsel's errors."

Jones v. United States, 504 Fed. Appx. 405, 407 (6th Cir. 2012).

In the present case, it the later part of the cite from Jones that is applicable here. In this case, it appears from the transcript that there was a shared belief of both defense counsel and the defendant that the government had to prove distribution to obtain conviction. In

8

fact, the defendant's own testimony appears to exhibit that mistaken belief.

During the direct examination of defendant by Mr. Wineman the following occurred:

"Q.   Okay. And as you indicated in your statements, which ladies and gentleman of the jury heard part of, you were not an uploader, but you were only a downloader. What does that exactly mean?

A.   I never made any kind of attempt to share anything with anybody. It just content that was already made available on the internet by other people is all I ever had any dealings with.

Q.   Okay. So you only downloaded as opposed to transferring to other individuals; is that right?

A.   That's correct."

Trial Trans. Vol.2, Page ID2348.

In the present case, the mistaken belief by defense counsel that distribution had to be proven is deficient representation by counsel. It would appear that the proper elements of the offense were not explained and/or understood by the defendant. This mistaken belief by counsel and the defendant appears throughout the trial and even during the examination of the defendant. The government simply had to prove receipt, not receipt and distribution. This appears to have caused the defendant to waive his fifth amendment right not to testify . This is important as when the defendant testified he admitted to receipt of the materials extinquishing any possible doubt in any of the jurors minds that may have been present following the government's case in chief. This mistaken belief that government had to prove distribution clouded "the clear obligation to fully inform the defendant of available options." See, Jones at 407.  Such options may have included at plea to the indictment which would have allowed the defendant a two (2) or if done at the appropriate time three (3) level reduction of the base offense level. This would have affected the sentencing exposure of the defendant. Defendant, due to this mistaken understanding

of the elements was clearly prejudiced.

    4. DEFENDANT WAS AFFORDE INEFFECTIVE ASSISTANCE OF COUNSEL DUE TO COUNSEL FOLLOWING AN UNSOUND TRIAL STRATEGY

"Claims of ineffective assistance of counsel are mixed questions of law and fact; we review such claims *de novo*. *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir.1995). A defendant claiming ineffective assistance must show that trial counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that such errors "prejudiced the defense ... so ... as to deprive the defendant of a fair trial." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Constitution imposes a standard "of reasonably effective assistance." *Id.* We "presume from the outset that a lawyer is competent, and therefore, 'the burden rests on the accused to demonstrate a constitutional violation.' " *Pierce*, 62 F.3d at 833 (quoting *United States v. Cronic*, 466 U.S. 648, 658, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)). Moreover, in applying *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

    The trial process contains a myriad of complex decisions that, for strategic reasons, are sound when made, but may appear unsound with the benefit of hindsight. The defendant, thus, must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' "

United States v. Fortson, 194 F.3d 730, 736 (6th Cir 1999).

    In the present case, the defendant and more importantly, defense counsel had a wrong understanding of the elements needed to prove to obtain a conviction. Throughout the defense's case and the renewal of the Rule 29 conviction is the issue of distribution. Distribution was not an element that needed to be proven in this case. Defendant's testimony did not assist the defendant in any way it strengthened the government's case. As the Court noted in it's February 27, 2017 Order "the petitioner's own inculpatory testimony." (R. 96 PAGEID464.

    In the present case it appears that the defendant testified due to the wrong understanding of the elements of the offense. Had defense counsel properly advised the defendant of the elements, such testimony probably would not have been offered. Allowing such inculpatory testimony to take place is outside the range of reasonable professional assistance. In allowing such testimony counsel was ineffective to the defendant.

The claim of ineffective assistance of counsel at trial is strengthened by the assertion of defense counsel of defendant's "addiction to child pornography." This "addiction" was set forth in the defense's examination of the defendant and thoughly examined by the government in the cross examination of the defendant. To consider such an "addiction" to be a possible affirmative defense to the charge is clearly outside the wide range of reasonable professional assistance. Affirmative defenses to the charge are set forth in the statute and do not include Addiction. This trial strategy rather than assist the defendant, strengthened the case against him.

It would appear that counsel and ultimately the defendant relied upon the language of the Indictment and not that of the statute and the jury instructions. Such reliance is wholly deficient and defendant received ineffective assistance of counsel at the trial stage.

## 5. CONCLUSION

For all of the reasons set forth in the foregoing amended motion, defendant asks this court to vacate the conviction in this matter , or in the alternative to allow defendant leave to file appeal to the United States Court of Appeals for the Sixth Circuit and any relief to which he is entitled.

Respectfully submitted,

/s/Merle R. Dech, Jr.
Merle R. Dech, Jr. (0055835)
610 Adams Street, 2nd Floor
Toledo, Ohio 43604
TEL:  (419) 241-5506
FAX:  (419) 242-3442
mdechesq@hotmail.com

Attorney for Defendant

Date: May 31, 2021

CERTIFICATION

This is to certify that on May 31, 2021 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the court's electronic filing system. Parties may access this filing through the courts ECF system.

/s/ Merle R. Dech Jr.